UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHERRY COTTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:06-CV-438 CAS |
| ) | |
| AT&T OPERATIONS, INC., ) | |
| formerly known as SBC Operations, Inc., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to dismiss Counts IV, VI, and VII of plaintiff's complaint. Plaintiff filed a response in opposition and was granted leave to file a sur-response.[1] For the following reasons, the Court will grant defendant's motion.

**I. Background**

Plaintiff Cherry Cotton filed this action against her former employer, AT&T Operations, Inc. ("AT&T"), asserting claims of racial discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; racial discrimination and harassment in violation of 42 U.S.C. § 1981; retaliation and interference with protections under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2612; and state law claims for refusal to pay final wages in violation of Mo. Rev. Stat. § 290.110 (2000),[2] breach of contract, outrageous conduct, and negligent infliction of emotional distress. AT&T filed a partial answer to Cotton's complaint and a motion to dismiss Count IV (refusal to pay final wages of vacation pay in violation of Mo. Rev. St. § 290.110), Count VI

---

[1]Plaintiff electronically filed her sur-response labeled as a sur-reply. See [Doc. 16]

[2]All further statutory references are to the Revised Statutes of Missouri, 2000.

(outrageous conduct), and Count VII (negligent infliction of emotional distress), for failure to state a claim and lack of subject matter jurisdiction. Plaintiff opposes the motion.

## II. Final Wages Claim

In Count IV of her complaint, plaintiff alleges that after her discharge, AT&T sent her a final paycheck which did not include payment for vacation time earned to the date of her termination. (Compl. ¶ 39). Plaintiff asserts that under Missouri law she is entitled to vacation pay. Defendant contends that plaintiff's claim for failure to pay final wages of vacation pay pursuant to § 290.110 fails to state a claim as a matter of law and should be dismissed.

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. A complaint shall not be dismissed for failure to state a claim for which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of her claim. Id.; see also Neitzke v. Williams, 490 U.S. 319, 327 (1989). When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true and liberally construe the complaint in a light most favorable to the plaintiff. Kottschade v. City of Rochester, 319 F.3d 1038, 1040 (8th Cir.), cert. denied, 540 U. S. 825 (2003).

> The Missouri Wage Penalty Statute provides in pertinent part:
>
> Whenever any person, firm, or corporation doing business in this state shall discharge, with or without cause, or refuse to employ any servant or employee thereof, the unpaid wages of the servant or employee then earned at the contract rate, without abatement or deduction, shall be and become due and payable on the day of the discharge or refusal to longer employ and the servant or employee may request in writing of his foreman or the keeper of his time to have the money due him, or a valid check therefor, sent to any station or office where a regular agent is kept; and if the money or a valid check therefor, does not reach the station or office within seven days

> from the date it is so requested, then as a penalty for such nonpayment the wages of the servant or employee shall continue from the date of the discharge or refusal to further employ, at the same rate until paid; provided, such wages shall not continue more than sixty days.

Mo. Rev. St. § 290.110.

The dispute in this case is whether the statute's definition of wages includes vacation pay. Several Missouri courts have addressed this issue. In <u>Monterosso v. St. Louis Globe-Democrat Publishing Co.</u>, 368 S.W.2d 481, 489 (Mo. 1963), the Missouri Supreme Court held that "wages . . . earned at the contract rate under § 290.110 refer to the basic rate of pay, i.e., wage payments due and payable at regular intervals, and have no reference to vacation credits . . . ." (Internal citations omitted). Twenty years later, the Missouri Court of Appeals, relying on <u>Monterosso</u>, held that a trial court erred in awarding plaintiff damages for unpaid vacation pay under § 290.110, because vacation pay does not constitute wages within the meaning of § 290.110. <u>Doores v. Intercontinental Eng'g-Mfg. Corp.</u>, 670 S.W.2d 65, 67 (Mo. Ct. App. 1984); <u>see</u> <u>also</u> <u>Solter v. P.M. Place Stores Co., Inc.</u>, 748 S.W.2d 919, 921 n.2 (Mo. Ct. App. 1988) (<u>Monterosso</u> and <u>Doores</u> are not authority for denial of vacation pay claims where supported by proof of an employment agreement, they simply hold that vacation pay does not constitute wages for the purpose of invoking the penalty set out in § 290.110). Based on the foregoing statements of Missouri law, the Court finds that plaintiff's claim for a statutory penalty against defendant under § 290.110 fails as a matter of law.

Plaintiff asserts that her claim survives because the Missouri Employment Security Law defines wages as "all remuneration, payable or paid, for personal services . . . . Vacation pay and holiday pay shall be considered as wages for the week with respect to which it is payable." Mo. Rev. Stat. § 288.036. Plaintiff's use of the wage definition contained in § 288.036 is misplaced in this context. The definition of wages in § 288.036 is for the purpose of determining the taxable wage

3

base of unemployment claims. There is no support in chapters 288 or 290 for utilizing the definition of wages in § 288.036 in connection with § 290.110. Plaintiff has not cited any case law which supports her position, and that position is contrary to the authority discussed above. The cases cited by plaintiff are inapplicable to her case either because they do not define wages under Missouri law or because they address contract disputes between the parties.[3] None of the cases involve an interpretation of § 290.110. See, e.g., Pratt v. Seventy-One Hawthorne Place Assocs., 106 S.W.3d 608, 611 (Mo. Ct. App. 2003) (case involved dispute over terms in oral agreement for employee bonus); Herremans v. Carrera Designs, Inc., 157 F.3d 1118, 1121 (7th Cir. 1998) (interpretation of Indiana wage payment law); Logue v. City of Carthage, 612 S.W.2d 148, 150 (Mo. Ct. App. 1981) (interpretation of contract between municipality and former employee over sick leave benefits).

Therefore, the Court should grant defendant's motion to dismiss Count IV of plaintiff's complaint for failure to state a claim upon which relief can be granted.

## III. Outrageous Conduct and Emotional Distress Claims

AT&T moves to dismiss plaintiff's common law claims of outrageous conduct and negligent infliction of emotional distress in Counts VI and VII of her complaint, asserting that this Court lacks subject matter jurisdiction over these claims because the Missouri Labor and Industrial Relations Commission has exclusive jurisdiction under Missouri law.

"In order to properly dismiss [an action] for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) (citing Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990) (citation omitted)). Distinguishing between a facial and factual

---

[1]The Court notes that plaintiff also seeks compensation for payment of vacation pay under the breach of contract claim in Count V of her complaint.

4

challenge is critical to determining how the Court should proceed when resolving a motion to dismiss for lack of subject matter jurisdiction. Under a facial challenge to jurisdiction all of the factual allegations in the plaintiff's complaint are presumed to be true, while under a factual challenge no presumptive truthfulness attaches. See Titus, 4 F.3d at 593 & n.1. In this case, AT&T makes a facial challenge to plaintiffs' complaint. Accordingly, for purposes of this motion, all factual allegations are accepted as true.

The Missouri Workers' Compensation Act provides the exclusive remedy for injuries "arising out of and in the course of [employment]," § 287.120(1), including for emotional distress inflicted during the course of employment. Waldermeyer v. ITT Consumer Fin. Corp., 767 F.Supp. 989, 993 (E.D. Mo.1991) (citing cases). As a result, in cases where plaintiffs file claims under Title VII and common law tort claims for intentional or negligent infliction of emotional distress, "courts have consistently dismissed the common law tort claims as being preempted by the Missouri Workers' Compensation Act." Hardebeck v. Warner-Jenkinson Co., Inc., 108 F.Supp.2d 1062, 1065 (E.D. Mo. 2000). See Nichols v. American Nat'l Ins. Co., 945 F. Supp. 1242, 1247-48 (E.D. Mo. 1996) (plaintiff's common law emotional distress claims dismissed because damages occurred during course of plaintiff's employment); Whitmore v. O'Connor Mgmt., Inc., 899 F. Supp. 425, 430 (W.D. Mo. 1995) (plaintiff's claim of negligent supervision and retention dismissed for lack of subject matter jurisdiction), aff'd, 156 F.3d 796 (8th Cir. 1998).

Plaintiff offers several arguments why her outrageous conduct and negligent infliction of emotional distress claims should not be dismissed. First, plaintiff asserts that her injuries did not arise in the course of her employment, but rather her unemployment caused her distress. Second, plaintiff asserts that under Mo. Rev. St. § 287.120.8-.9, mental injury and work related stress are not covered

under the workers' compensation statutes. Third, plaintiff asserts that her tort claims are separate from her claims under Title VII and § 1981. Finally, plaintiff asserts that intentional conduct is not preempted by the workers' compensation statutes and she has alleged intentional conduct by AT&T.

The main issue for resolution of this aspect of defendant's motion is whether plaintiff's state law claims allege emotional distress and outrageous conduct that arise "out of and in the course of employment." If so, the Court lacks subject matter jurisdiction over those claims. See, e.g., Waldermeyer, 767 F. Supp. at 993.

The Missouri Workers' Compensation Act excludes coverage for certain mental injuries which do not arise out of the course of employment:

> 8. Mental injury resulting from work-related stress does not arise out of and in the course of employment, unless it is demonstrated that the stress is work related and was extraordinary and unusual. The amount of work stress shall be measured by objective standards and actual events.
>
> 9. A mental injury is not considered to arise out of or in the course of the employment if it resulted from any disciplinary action, work evaluation, job transfer, layoff, demotion, termination, or any similar action taken in good faith by the employer.

Mo. Rev. St. § 287.120.8-9. Based on this statute, an exception to the exclusivity of the Missouri Workers' Compensation Act exists in cases where a plaintiff alleges that the emotional distress injuries arose after her employment ended. See Kientzy v. McDonnell Douglas Corp., 990 F.2d 1051, 1060-61 & n.10 (8th Cir. 1993) (plaintiff's discriminatory discharge caused distress, therefore, the workers' compensation laws did not apply).

Plaintiff's complaint alleges that because of her race, AT&T subjected her to different treatment regarding discipline, promotion, and termination decisions, (Compl. ¶¶ 16(a)-(c)); AT&T retaliated against her for seeking and taking FMLA leave, and she took FMLA leave "due to the

stress as a result of the work environment," (Compl. ¶ 16(d)), and "as a direct result of defendant's actions, plaintiff suffered emotional distress and severe anxiety." (Id. ¶¶ 62, 68). The complaint also alleges that as a direct result of AT&T's "unlawful acts," plaintiff suffered, inter alia, "personal injury in the form of embarrassment, humiliation and anxiety; Damage to personal and professional reputation; Emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life." Complaint, ¶ 22.

It is clear that plaintiff alleges she suffered emotional distress as a result of defendant's actions during her employment. To the extent plaintiff's claims for outrageous conduct and negligent infliction of emotional distress are based on defendant's actions during her employment, they are preempted by the Workers' Compensation Act. See Waldermeyer, 767 F. Supp. at 993. It is not clear from the complaint, however, whether plaintiff also alleges that she suffered emotional distress as a result of being terminated from employment. The complaint does not specifically make such an allegation. As a result, there is a question whether all of plaintiff's emotional distress-related state law causes of action are barred by the Workers' Compensation Act.

It is well settled that it is the exclusive jurisdiction of the Missouri Labor and Industrial Relations Commission ("LIRC") to determine whether an employee's injuries were the product of an "accident" or otherwise arose out of the scope and course of employment for purposes of workers' compensation preemption. Thorne v. Welk Investment, Inc., 197 F.3d 1205, 1212 (8th Cir. 1999) (citing Killian v. J & J Installers, Inc., 802 S.W.2d 158, 158 (Mo. 1991) (en banc) (initial determination whether an injury is covered by worker's compensation rests exclusively with the LIRC)). Here, plaintiff claims her emotional distress injuries began while she was still employed by defendant. In such a case, the initial determination whether plaintiff's claimed injuries are covered

by the exclusive remedy of workers' compensation is a matter for the LIRC, even though plaintiff claims the defendant's actions were intentional. See Massey v. Victor L. Phillips Co., 827 F. Supp. 597, 599 (W.D. Mo. 1993) (citing Yount v. Davis, 846 S.W.2d 780, 782 (Mo. Ct. App.1993), and Hill v. John Chezik Imports, 797 S.W.2d 528, 531 (Mo. Ct. App. 1990)).

This case is distinguishable from Kientzy, on which plaintiff relies, for two reasons. First, the plaintiff's claims in Kientzy were outside the reach of the LIRC and the workers' compensation statutes because her emotional distress injuries occurred only after she was illegally discharged from employment. Kientzy, 990 F.2d at 1060-61. Second, the plaintiff in Kientzy sought emotional distress damages for her Title VII and Missouri Human Rights Act claims, and did not assert independent state law tort claims, as in this case.

Therefore, the Court lacks subject matter jurisdiction over plaintiff's state law tort claims in Counts VI and VII for outrageous conduct and negligent infliction of emotional distress, and should grant defendant's motion to dismiss those claims for lack of subject matter jurisdiction.

## IV. Conclusion

For the reasons stated above, the Court will grant defendant's motion to dismiss Count IV of plaintiff's complaint, failure to pay final wages of vacation pay, for failure to state a claim upon which relief can be granted, and to dismiss Count VI, outrageous conduct, and Count VII, intentional infliction of emotional distress, without prejudice for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to respond to defendant's motion to dismiss out of time is **GRANTED**. [Doc. 12]

**IT IS FURTHER ORDERED** that defendant's Motion to Dismiss Counts IV, VI and VII of Plaintiff's Complaint is **GRANTED**. [Doc. 6]

**IT IS FURTHER ORDERED** that Count IV of plaintiff's complaint is **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that Counts VI and VII of plaintiff's complaint are **DISMISSED without prejudice** for lack of subject matter jurisdiction.

An appropriate order of partial dismissal will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  28th  day of September, 2006.