# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CHERRY COTTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:06-CV-438 CAS |
| v. ) | |
| ) | |
| AT&T OPERATIONS, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to quash defendant's subpoena served upon Memorial Hospital. The motion requests the Court to quash the subpoena because plaintiff alleges she did not receive adequate notice from defendant, the information sought is not relevant, and the nonparty on whom the subpoena was issued resides outside of the district.

As a threshold matter, the Court notes that plaintiff's motion to quash does not comply with Local Rule 3.04(A), which provides:

> The Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord. This statement also shall recite the date, time and manner of such conference, and the names of the individuals participating therein, or shall state with specificity the efforts made to confer with opposing counsel.

Although the Court would normally deny the motion to quash for failure to comply with Local Rule 3.04(A), it will consider the instant motion on the merits because of the impending deposition date.

Plaintiff's counsel states that on February 5, 2007 he received correspondence from nonparty Memorial Hospital informing him for the first time that defense counsel had served the hospital with a subpoena requesting plaintiff's medical records. Plaintiff argues that defendant violated Federal Rule of Civil Procedure 45(b)(1) by not serving plaintiff with notice of the service of the subpoena. To support this contention, plaintiff cites <u>Butler v. Biocore Med. Tech., Inc.</u>, 181 F.R.D. 660, 667 (D. Kan. 1998) for the proposition that Rule 45(b)(1) requires notice prior to serving the subpoena. In response, defense counsel states that she sent plaintiff's counsel a copy of the subpoena and Notice of Deposition on February 2, 2007 by United States mail in accordance with Federal Rules 5(b) and 45(b)(1).

The Court finds that defendant's counsel served plaintiff's counsel by United States mail on the same date as the subpoena was served as evidenced by defendant's certificate of service and the representations made by defendant's counsel in her opposition to plaintiffs motion to quash. This service meets the requirements of Federal Rules 5(b) and 45(b)(1), and was sufficient to give plaintiff's counsel notice of the service of the subpoena and notice of the deposition. Moreover, the Court finds that the case law cited by plaintiff is not controlling in this jurisdiction, nor does it support plaintiff's assertion. The <u>Butler</u> court stated that the purpose behind the federal notice requirement is to provide opposing counsel with enough time after the service of the subpoena to object. <u>See</u> <u>Butler</u>, 181 F.R.D. at 667. In this instance, plaintiff had sufficient time to object to the issuance of the subpoena as evidenced by the filing of the instant motion to quash.

Plaintiff next argues that the defendant's subpoena should be quashed because the information being sought is outside the relevant scope of discovery in this action. Plaintiff states that records sought have no relevance to this case, and therefore should not be discoverable. Defendant responds

that by asserting a claim for emotional distress, plaintiff placed her mental and emotional condition at issue and that defendant is entitled to records concerning any counseling plaintiff may have received. Defendant further argues that plaintiff's medical records are discoverable to determine whether plaintiff's past medical history contributed to her emotional distress.

The Court finds that plaintiff put her medical history at issue by seeking damages for emotional distress in her complaint. Plaintiff alleges that she has suffered "personal injury in the form of embarrassment, humiliation and anxiety . . . emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life." (Complaint at 11). Defendant is entitled to discovery related to the potential cause of such emotional distress. Further, on November 1, 2006, the Court granted defendant's motion to compel and ordered that plaintiff identify all physicians from whom she received medical treatment. This ruling presupposed that defendant would then request plaintiff's medical records from these physicians. The Court finds that the records regarding plaintiff's medical care at Memorial Hospital are reasonably calculated to lead to admissible evidence and are thus discoverable. See Fed. R. Civ. P. 26(b)(1).

Lastly, plaintiff argues that defendant does not have the authority to issue a subpoena on a nonparty located in another district. Plaintiff supports this contention by citing Highland Tank & Mfg. Co. v. PS Int'l, Inc., 227 F.R.D. 374, 380 (W.D. Pa. 2005). Defendant responds that Memorial Hospital, located in Belleville, Illinois, is within 100 miles of plaintiff's residence, and therefore rule 45(c)(3)(A)(ii) is inapplicable.

The Court finds that Memorial Hospital's location outside of the Eastern District of Missouri does not stand as a bar to the issuance of a subpoena. As stated by defendant, the hospital is well within the 100-mile radius of service allowed by the federal rule. In fact, the case law cited by plaintiff

3

also goes on to state that, "a nonparty can only be compelled by an issuing court to produce documents within certain geographic limitations usually no more than 100 miles from the nonparty's location." Highland 227 F.R.D. at 380 (internal quotations omitted). Because the hospital is within 100 miles of plaintiff's residence, the subpoena cannot be quashed on these grounds.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion to Quash Subpoena is **DENIED**. [Doc. 67].

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  8th  day of February, 2007.