**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| CHERRY COTTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:06-CV-438 CAS |
| v. ) | |
| ) | |
| AT&T OPERATIONS, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the Court on plaintiff's supplemental motion for an extension of time to respond to defendant's motion for summary judgment on Counts I and II. The Court interprets plaintiff's motion as being brought pursuant to Rule 56(f), Federal Rules of Civil Procedure. The motion will be denied without prejudice for the same reasons as stated in the Court's Order of April 2, 2007 [Doc. 90].

Rule 56(f) states:

> **When Affidavits are Unavailable**. Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

A party invoking the protection of Rule 56(f) must affirmatively demonstrate why she cannot respond to the motion, and how postponement of a ruling will enable her to rebut the movant's showing of the absence of a genuine issue of fact. Roark v. City of Hazen, Ark., 189 F.3d 758, 762

(8th Cir. 1999); Stanback v. Best Diversified Prods., Inc., 180 F.3d 903, 911 (8th Cir. 1999). Although adequate time must be provided for discovery, Rule 56 does not require the completion of all discovery before a court may properly grant summary judgment. Dulany v. Carnahan, 132 F.3d 1234, 1238 (8th Cir. 1997). When a party seeks postponement of a summary judgment decision, the party must "file an affidavit with the trial court to show what specific facts further discovery might unveil." Id. In order to be protected by Rule 56(f), "a party must articulate what additional discovery is necessary and how it is relevant to the opposition of the pending motion for summary judgment." Allen v. Bridgestone/Firestone, Inc., 81 F.3d 793, 797 (8th Cir. 1996).

In this case, plaintiff asserts that she needs an extension of time to respond until after her motion to compel is heard on the Court's discovery motion docket of April 27, 2007. Plaintiff's motion, however, is not supported by an affidavit. Further, plaintiff does not present facts explaining why she is not able to respond to defendant's motion for summary judgment at this time. Therefore, relief is not available to plaintiff under Rule 56(f). See, e.g., Roark, 189 F.3d at 762; Cassidy, Inc. v. Hantz, 717 F.2d 1233, 1235 (8th Cir. 1983).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's supplemental motion for extension of time to respond to defendant's motion for summary judgment on Counts I and II is **DENIED** without prejudice. [Doc. 93]

                                                  /s/ Charles A. Shaw
                                                  **CHARLES A. SHAW**
                                                  **UNITED STATES DISTRICT JUDGE**

Dated this 16th day of April, 2007.